The opinion of' the court was delivered by
Tilghmau, C. J.
This cause has been brought before us by a certiorari to the Court of Quarter Sessions for the county of Mercer, and it appears by the record, that an order was made by the-said court, to lay out a public road through an out lot, contain? ing about five acres, and included within the limits of the borough of Mercer. Whether the' court had power to lay out this road, is-the question. The town of Merder was laid out, by virtue of an act passed the 24th of March, 1803, by certain persons named, in the said act, who were the'reby constituted trustees for the county oí Mercer, and authorized to lay out the ground appropriated' for the town, in town lots and out lots, in such manner, and with such streets, not more than one hundred, nor less than sixty feet wide, and'with such lanes and alleys for public use, as they should direct. By the 5th section of this act, the trustees were required, as soon as may be, to file a return and draught of the survey, and of their proceedings, in the office of the Recorder of Deeds for the county of Crawford, or in the said office for the county of Mercer,. if such office be' then and there established by law. The trustees laid outfthe town and out lots and returned a draught of the survey, by which it appéars that no streets were laid out through the out lots. They were continued to the line by which the town lots were bounded, and- there stopped. The out lots contained from three to five acres 'each; that through which the road in question was laid out, contained about five acres, and was adjoining the town. ■ By an act passed the twenty-eighth of March, 1814, the town of Mercer was erected into a borough, including the out lots. By the 4th section of this act, power was given to the burge.ss and assistants, chosen in the manner prescribed, or a majority of them, to make such ordinances, rules and regulations, as may be necessary for improving and keeping in order, the streets, lanes, and alleys,' within the said borough, and removing nuisances or obstructions therefrcim;'and also to assess, levy, and collect a tax for *448 the said purposes,” and they were vested with all other powers necessary for the well ordering and better improvement of the said borough. The Court of Quarter Sessions has the general power of laying out roads, and therefore may exercise that power over the out lots, unless prohibited by the last mentioned act of assembly. . The borough officers had the express power of improving and keeping in order, the streets, lanes and alleys already■ laid out, but nothing is said of power to lay out streets through the out lots, nor can they have that power, unless it be given by the general authority to do such things as are necessary for the well ordering and better improvement of the borough. The authority conferred by thesé general expressions should not be pushed too far; and, as the subject of streets had been particularly adverted to, in a former part of this act, and the powers respecting them not extended so far as to lay out streets through the out lots, the safest construction will be, that this power was not vested in the officers of the borough, but left in the Court of Quarter Sessions. If it should be thought useful to take this power from the court, and vest it in the borough, the legislature will no doubt so order it. in the mean time, no inconvenience can'arise; as the court can lay out such roads through the out lots as are necessary.
• It is our opinion, that the proceedings in this case should be-confirmed.
Proceedings confirmed*